```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


MARK S. WEINBERGER MD; MARK S.    )
WEINBERGER MD PC; THE NOSE AND    )
SINUS CENTER LLC; MERRILLVILLE    )
CENTER FOR ADVANCED SURGERY LLC;  )
SUBSPECIALTY CENTERS OF AMERICA   )
LLC,                              )
                                  )
          Plaintiffs              )
                                  )
          v.                      )   CIVIL NO. 2:12 cv 12
                                  )
THE MEDICAL ASSURANCE COMPANY,    )
INC. nka Proassurance Indemnity   )
Company, Inc.,                    )
                                  )
          Defendant               )
```

OPINION AND ORDER

This matter is before the court on the Motion for Leave to Stay the Filing of the Report of Parties' Planning Meeting [DE 14] filed by the defendant, The Medical Assurance Company, Inc., on July 6, 2012.  For the reasons set forth below, the motion is **DENIED.**

Background

In 2006, Medical Assurance Company filed a complaint against Mark S. Weinberger and his business entities in the Northern District of Indiana seeking a declaratory judgment that it did not owe a duty to defend or to provide coverage for the medical malpractice claims pending against Mark S. Weinberger.  The Weinberger defendants filed an answer on March 7, 2011, alleging

that Medical Assurance failed to provide the required notice, waived its opportunity to deny coverage, and incurred the risk.

Weinberger and his business entities filed a separate complaint on January 9, 2012, against the plaintiff from the 2006 case, Medical Assurance. Medical Assurance now moves to stay discovery, arguing that the issues raised by Weinberger and his business entities are identical to those pending before the court in the 2006 case. The Weinberger defendants dispute this, arguing that the 2006 case does not include any allegations of bad faith or request money damages for Medical Assurance's bad faith, and for these reasons, the scope of discovery will differ.

## Discussion

The court has incidental power to stay proceedings, which stems from its inherent power to manage its docket. *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936); *Walker v. Monsanto Co. Pension Plan*, 472 F.Supp.2d 1053, 1054 (S.D. Ill. 2006). The decision to grant a stay is committed to the sound discretion of the court and must be exercised consistent with principles of fairness and judicial economy. *Brooks v. Merck & Co.*, 443 F.Supp.2d 994, 997 (S.D. Ill. 2006); *Rutherford v. Merck & Co.*, 428 F.Supp. 2d 842, 845 (S.D. Ill. 2006); *George v. Kraft Foods Global*, 2006 U.S. Dist. LEXIS 92886, *4 (S.D. Ill. 2006). "Courts often consider the

following factors when deciding whether to stay an action: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." ***Abbott Laboratories v. Matrix Laboratories, Inc.***, 2009 WL 3719214, *2 (N.D. Ill. 2009). "The general test for imposing a stay requires the court to 'balance interests favoring a stay against interests frustrated by the action' in light of the 'court's paramount obligation to exercise jurisdiction timely in cases properly before it.'" ***SanDisk Corp. v. Phison Electronics Corp.***, 538 F.Supp.2d 1060, 1066 (W.D. Wis. 2008) (*citing* ***Cherokee Nation of Oklahoma v. United States***, 124 F.3d 1413, 1416 (Fed. Cir. 1997)).

Medical Assurance requests a stay pending ruling on the motion to consolidate that it intends to file, arguing that the defenses presented in the Weinberger defendants' answer filed in the 2006 case closely resemble its allegations here. However, Medical Assurance later notified the court that it did not intend to file the motion to consolidate until after the district court ruled on the this court's report and recommendation to enter a default judgment against the Weinberger defendants, explaining that if the district court accepted the recommendation to enter

3

dispositve sanctions against the Weinberger defendants, the present motion would be moot.

The district court now has ruled on the motion, and although it declined to enter a default judgment, the district court did enter a default against the Weinberger defendants so that they are prohibited from participating in the 2006 case in any way, cannot support or oppose any claims or defenses, and cannot introduce evidence.  The district court noted that this sanction was consistent with other enumerated sanctions including striking the pleadings and that the Weinberger defendants are to be treated as though they never entered an appearance.  For these reasons, the issues presented in the Weinberger defendants' answer and the present complaint no longer overlap.  The sanctions interfere with the Weinberger defendants' ability to pursue these allegations in the 2006 case, and discovery no longer will need to be conducted on these issues.  Based on Medical Assurance's notification to the court, it appears that it no longer intends to file a motion to consolidate and the issue is moot.  Therefore, the Motion for Leave to Stay the Filing of the Report of Parties' Planning Meeting [DE 14] filed by the defendant, Medical Assurance Company, on July 6, 2012, is **DENIED**.

ENTERED this 10th day of October, 2012

                                      s/ ANDREW P. RODOVICH
                                        United States Magistrate Judge